IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PROPEP, L.L.C., d/b/a <br> PROPEP SURGICAL, L.L.C. <br><br> Plaintiff, <br><br> v. <br><br> MEDTRONIC XOMED, INC., <br><br> Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 1:15-CV-356-SS |

### DEFENDANT MEDTRONIC XOMED, INC.'S
### ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Medtronic Xomed, Inc. ("Medtronic") hereby responds as follows to the First Amended Complaint of Plaintiff ProPep, L.L.C. All averments and allegations not expressly admitted herein are denied. The paragraph numbers and headings correspond to those in the Amended Complaint.

### Parties

1.   Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

2.   Medtronic admits that it is a Delaware corporation with its principal place of business at 6743 Southpoint Drive North, Jacksonville, Florida 32216. Medtronic also admits that its counsel accepted service of the Amended Complaint on its behalf. Medtronic denies the remaining allegations in Paragraph 2.

### Jurisdiction, Venue and Removal

3.   Medtronic admits that ProPep filed its Original Petition in the District Courts of Travis County, Texas and that Medtronic's counsel accepted service on behalf

of Medtronic on April 23, 2015.  The remaining allegations in Paragraph 3 are legal conclusions for which no response is necessary.

4. Medtronic admits the allegations in Paragraph 4.

## Alleged Facts

5. Medtronic admits that on May 8, 2007, U.S. Patent Application No. 11/745,505 was filed and entitled "System and Method for Laparoscopic Nerve Detection."  Medtronic further admits that the application published on November 13, 2008 as U.S. Pub. No. 2008/0281313 A1, and subsequently issued as U.S. Patent No. 8,083,685.  Medtronic denies ProPep's characterization of the patent to the extent it differs from the contents of the '685 patent itself.  Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore denies the same.

6. Medtronic admits the allegations in Paragraph 6.

7. Medtronic admits that the Parties entered into the Agreement whereby ProPep could designate tangible materials as "Confidential Information" if ProPep complied with the procedures in the Agreement for designating such materials. Medtronic also admits that it evaluated ProPep's Nerve Detection System for the purpose of purchasing or licensing ProPep's technology that was the subject of a pending U.S. patent application.  Medtronic denies the remaining allegations in Paragraph 7.

8. Medtronic admits that one or more of its employees witnessed three robotic-assisted, laparoscopic prostatectomy procedures in Austin, Texas in August and December 2008.  Medtronic also admits that one of the procedures was broadcast live

to Medtronic personnel in Jacksonville, Florida. Medtronic denies that any "Confidential Information" was demonstrated to Medtronic at those procedures. Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore denies the same.

9.  Medtronic admits that one or more of its employees witnessed three surgical procedures in August and December 2008. Medtronic denies that any "Confidential Information" was demonstrated to Medtronic during those procedures. Medtronic denies the remaining allegations in Paragraph 9.

10. Medtronic admits that it offered to license ProPep's Nerve Detection System, which was the subject of a pending U.S. patent application, and that Medtronic's license royalty payments were conditional on that application becoming a U.S. patent. Medtronic also admits that ProPep did not accept its offer. Medtronic further admits that it returned the only document it received from ProPep that had any kind of confidentiality designation. Medtronic also admits that subject to certain exceptions, the Agreement limited Medtronic's use of "Confidential Information" provided to it by ProPep. Medtronic denies that ProPep provided it any "Confidential Information" or that Medtronic used any ProPep Confidential Information in violation of the Agreement. Medtronic denies the remaining allegations in Paragraph 10.

11. Medtronic admits that on or about April 30, 2010, U.S. Patent Application No. 12/771,713 for "Interface Module for Use with Nerve Monitoring and Electrosurgery" was filed, identifying Medtronic as the assignee. Medtronic denies the remaining allegations in Paragraph 11.

12.  Medtronic admits that on May 13, 2011, U.S. Patent Application No. 13/107,855 was filed and entitled "Nerve Mapping Surgical System and Method of Use of Dual Function Surgical Instrument Within Such System."  Medtronic denies ProPep's characterization of the patent application to the extent it differs from the contents of the '855 application itself.  Medtronic admits that on December 30, 2014, the Patent Office rejected the then-pending, non-withdrawn claims of the '855 application.  Medtronic denies that it stole or wrongfully used any ProPep information, and denies the remaining allegations in Paragraph 12.

13.  Medtronic admits that it funded and that Sonny Yamasaki, Dr. Badani, and Dr. Tewari were involved in a NIM® prostatectomy feasibility clinical study.  Medtronic also admits that the study's abstract was submitted in 2014.  Medtronic denies ProPep's description of the abstract to the extent it is inconsistent with the actual document.  Medtronic further denies that ProPep provided it any "Confidential Information," and denies that the study used or considered any such information.  Medtronic denies the remaining allegations in paragraph 13.

14.  Medtronic admits that information concerning the NIM® clinical study was presented at the AUA's Annual Conference on or about May 29, 2014.  Medtronic denies that the AUA presentation included a video depicting the exact process ProPep demonstrated to Medtronic in 2008.  Medtronic further denies that ProPep provided it any "Confidential Information," and denies that the AUA presentation included any such information.  Medtronic denies the remaining allegations in paragraph 14.

15.  Medtronic denies the allegations in Paragraph 15.

16.  Medtronic denies the allegations in Paragraph 16.

17. Medtronic denies the allegations in Paragraph 17.

### Count I: Alleged Breach of Contract

18. Medtronic repeats and re-alleges the foregoing responses as if fully set forth herein.

19. Medtronic denies the allegations in Paragraph 19.

20. Medtronic denies the allegations in Paragraph 20.

21. Medtronic denies the allegations in Paragraph 21.

### Count II: Alleged Breach of Implied Covenant of Good Faith and Fair Dealing

22. Medtronic denies the allegations in Paragraph 22.

23. Medtronic denies the allegations in Paragraph 23.

24. Medtronic denies the allegations in Paragraph 24.

25. Medtronic denies the allegations in Paragraph 25.

### Count III: Alleged Conversion

26. Medtronic repeats and re-alleges the foregoing responses as if fully set forth herein.

27. Medtronic denies the allegations in Paragraph 27.

28. Medtronic denies the allegations in Paragraph 28.

29. Medtronic denies the allegations in Paragraph 29.

### Count IV: Alleged Trade Secret Misappropriation and Unfair Competition

30. Medtronic repeats and re-alleges the foregoing responses as if fully set forth herein.

31. Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies the same.

32. Medtronic denies the allegations in Paragraph 32.

33. Medtronic denies the allegations in Paragraph 33.

### Accrual of Claims

34. Medtronic repeats and re-alleges the foregoing responses as if fully set forth herein.

35. Medtronic admits the allegations in Paragraph 35.

36. Medtronic denies the allegations in Paragraph 36.

37. Medtronic denies the allegations in Paragraph 37.

### Alleged Unjust Enrichment/Quantum Meruit

38. Medtronic repeats and re-alleges the foregoing responses as if fully set forth herein.

39. Medtronic denies the allegations in Paragraph 39.

40. Medtronic denies the allegations in Paragraph 40.

41. Medtronic denies the allegations in Paragraph 41.

42. Medtronic denies the allegations in Paragraph 42.

### Alleged Damages

43. Medtronic denies the allegations in Paragraph 43.

### Request for Relief

Medtronic denies that ProPep is entitled to any of the relief sought in its Amended Complaint.

### AFFIRMATIVE DEFENSES

1. ProPep failed to state a claim upon which relief may be granted.

2. ProPep failed to perform under the Agreement.

3. ProPep did not comply with the required steps to designate and protect "Confidential Information" under the Agreement.

4. ProPep's claims are barred in whole or in part by the applicable statutes of limitation.

5. ProPep's unjust enrichment claim is barred by the Agreement.

6. ProPep's claims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

7. ProPep's claims are barred to the extent that ProPep failed to mitigate its own damages.

8. Medtronic reserves the right to amend its Answer to add additional defenses as they become known during the course of discovery in this case.

WHEREFORE, Medtronic respectfully requests that the Court

(a) Enter judgment in favor of Medtronic and against ProPep;

(b) Award Medtronic its costs and attorneys' fees; and

(c) Award such further relief as the Court deems appropriate.

## **JURY TRIAL DEMAND**

Medtronic demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kurt J. Niederluecke*
William Gordon Childs
Texas State Bar No. 24086361
bill.childs@bowmanandbrooke.com
Susan E. Burnett
Texas State Bar No. 20648050
susan.burnett@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2901 Via Fortuna Drive, Ste. 500
Austin, Texas  78746
512.874.3800
512.874.3801 (Facsimile)

Kurt J. Niederluecke (admitted *pro hac vice*)
kniederluecke@fredlaw.com
Laura L. Myers (admitted *pro hac vice*)
lmyers@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street
Suite 4000
Minneapolis, Minnesota 55402
612.492.7000

**COUNSEL FOR DEFENDANT MEDTRONIC XOMED, INC.**

## **CERTIFICATE OF SERVICE**

This is to certify that on the 2nd day of July, 2015, a true and correct copy of the above and foregoing was electronically filed using the CM/ECF system, which will send notification of this filing to the below counsel of record:

Anthony L. Vitullo
Meredith C. Allen
FEE, SMITH, SHARP & VITULLO, LLP
13155 Noel Road, Suite 100
Dallas, Texas 75240

John L. Malesovas
THE MALESOVAS LAW FIRM
1801 South Mopac Expressway, Suite 320
Austin, Texas 78746

***Counsel for Plaintiff***

/s/ Kurt J. Niederluecke

56285657_4.docx